IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| K.L., *by and through his next friend, S.H.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:25-CV-1814-RP |
| CECILE YOUNG, *in her official capacity as Executive Commissioner of the Texas Health and Human Services Commission*; WEATHERFORD INDEPENDENT SCHOOL DISTRICT; and MELISSA INDEPENDENT SCHOOL DISTRICT, | § § § § § § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is the Motion for Temporary Restraining Order ("TRO") filed by Plaintiff K.L., by and through his next friend, S.H. ("Plaintiff"). (Dkt. 2). Having reviewed the motion, the Court finds that Plaintiff's request for an ex parte TRO should be denied without prejudice.

A TRO is "a highly accelerated and temporary form of preliminary injunctive relief, which may be granted without notice to the opposing party or parties." *Cotton v. Tex. Express Pipeline, LLC*, 2017 WL 2999430, at *1 (W.D. Tex. Jan. 10, 2017). But under Federal Rule of Civil Procedure 65, a court may issue a TRO without written or oral notice to the adverse party only if both of the following requirements are met:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Plaintiff does not certify in writing any efforts made to give notice to Defendants or why notice should not be required. (*See* Mot. TRO, Dkt. 2). Thus, Plaintiff has not satisfied both requirements for the issuance of an ex parte TRO under Rule 65(b)(1). *See CompuCom*

1

2

*Sys., Inc. v. WJ Glob., LLC*, No. 3:14-CV-3625-L, 2014 WL 5032747, at *2 (N.D. Tex. Oct. 8, 2014) (denying Plaintiff's request for ex parte relief on same grounds); *Cotton*, 2017 WL 2999430, at *2 (W.D. Tex. Jan. 10, 2017) (denying Plaintiff's request for ex parte relief for failure to satisfy both requirements of Rule 65(b)).

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Temporary Restraining Order, (Dkt. 2), is **DENIED WITHOUT PREJUDICE**. Plaintiff may refile the motion but must explain any attempt to give notice to Defendants and, if notice was not given, why notice should not be required. Moreover, if Plaintiff knows the identities of counsel for Defendants, Plaintiff should include that information in any future filing with the Court in order to allow the Court to move forward with the case as efficiently as possible.

**SIGNED** on November 13, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE